# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD TRUE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, et al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-0325 - LJO - JLT<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE ACTION WITHOUT PREJUDICE FOR LACK OF JURISDICTION |

Todd True asserts that he wrongfully received a ticket for parking in a handicapped space and seeks to state a claim against the County of Kern, Kern County General Services, and the State of California. (Doc. 1) For the reasons set forth below, the Court finds Plaintiff's claims are barred. Therefore, the Court recommends Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and the complaint **DISMISSED** without prejudice as the Court lacks jurisdiction.

### I.　　Background and Allegations[1]

On February 9, 2018, Plaintiff received Citation # 122124725 for parking in a space designated as handicapped parking. (Doc. 1 at 5, 18) However, Plaintiff contends that he has been disabled since 2006 and despite proving his disability, the citation was upheld. (*Id.* at 5, 7) He does not claim that he

---

[1] Plaintiff has attached several exhibits to his Complaint, including the Tort Claim filed against the County, a form from the California Department of Motor Vehicles, the "Notice of Administrative Review Results," and the "Notice of Action Taken on Claim." (Doc. 1 at 7-18) Because Plaintiff refers only to the citation for parking in a handicapped space in his factual allegations, Court has disregarded information concerning Citation #77402, which was issued for failure to obey County-owned signed and directions on April 23, 2018. (*See* Doc. 1 at 11)

1

displayed a handicap placard at the time he received the citation.

Plaintiff completed a request for an initial review. (Doc. 1 at 15) On March 7, 2018, Kern County General Services- GSA ("General Services") issued a "Notice of Administrative Review Results." (*Id.* at 17) Plaintiff was informed: "We have thoroughly reviewed your appeal and have given careful consideration to the proof you have submitted. We have found that the proof provided was not sufficient enough to dismiss the citation. Therefore the citation is valid." (Doc. 1 at 17) He was informed the amount due for his citation was $295.00 (*Id.*) Plaintiff was advised: "If you are NOT satisfied with the results of the Administrative Review, you may request a formal Administrative Hearing." (*Id.*) General Services directed Plaintiff:

> To request an Administrative Hearing, you must: 1) Submit your request in writing within 21 days of this letter. Be sure to include your full name, address, and telephone number, 2) Include full payment of the total amount due for the parking penalty. Full payment is required before an Administrative Hearing can be scheduled unless satisfactory proof of an inability to pay the amount due is included with the request for an Administrative Hearing, and 3) You must state if you are requesting an IN-PERSON HEARING or a WRITTEN DECLARATION in your request.

(*Id.*)

Plaintiff fails to allege he submitted a timely written request for an administrative hearing or request for waiver of the penalty deposit and he did not pay the citation amount. On March 29, 2018, General Services issued a "Notice of Delinquent Parking Violation," indicating $295.00 was due by April 12, 2018, or $320.00 if paid after April 12, 2018. (Doc. 1 at 18) The notice included a warning that Plaintiff's failure to respond to by the due date would result in the California Department of Motor Vehicles being "notified of each outstanding violation," and that the DMV would "refuse to renew [his] California vehicle registration." (*Id.*)

On May 22, 2018, Plaintiff filed a "Claim against the County of Kern" with the Clerk of the Board of Supervisors. (Doc. 1 at 7) Plaintiff asserted that he provided proof of his disability "via mail, and in person" at the General Services office. (*Id.*) He indicated that he "[r]equested [an] in-person hearing, [and] was denied." (*Id.*)

The following day, Plaintiff was informed that his claim was referred to County Counsel's Risk Management Division for investigation. (Doc. 1 at 12) On May 30, 2018, Plaintiff was notified that his claim was "deemed rejected on its merits." (*Id.* at 13) He was informed: "Subject to certain

exceptions, you have only six (6) months from the date this notice was deposited in the mail to file a court action on this claim. (See Gov. Code Section 945.6)." (*Id.*)

On March 11, 2019, Plaintiff filed the complaint now pending before the Court. (Doc. 1)

**II.    Proceeding *in forma pauperis***

All parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* ("IFP") is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an in forma pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)). In addition, the Court has broad discretion to grant or deny a motion to proceed IFP. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller,* 314 F.2d at 600-01. In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

The Court recommends Plaintiff's application to proceed *in forma pauperis* be denied because, as discussed below, the complaint fails to state a meritorious claim upon which relief may be granted. *See, e.g., Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit"); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (same).

**III.   Screening Requirement**

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or

fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). In other words, a complaint is frivolous where the litigant sets "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### IV. Pleading Standards

The Federal Rules of Civil Procedure set forth the applicable standards for pleading complaints. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## V. Discussion and Analysis

### A. Jurisdiction

Plaintiff clearly seeks to challenge the citation he received "for parking in a handicapped space" and indicating the amount in controversy is $295.00 (*See* Doc. 1 at 5) This is insufficient to invoke the Court's subject matter jurisdiction.

The district court is a court of limited jurisdiction and is empowered only to hear disputes "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The presence of subject matter jurisdiction is governed by the "well-pleaded complaint rule," under which the Court has jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).

#### 1. Failure to exhaust administrative remedies

California Vehicle Code § 40200 *et seq.* sets forth an administrative process for an individual to challenge a parking citation, which includes an initial review; an administrative hearing; and review by the municipal court. *See Bhambra v. Port of Oakland*, 2009 WL 10694600 at *4 (N.D. Cal. Mar. 23, 2009) ("the process for contesting a citation includes (1) an initial review by the issuing agency; (2) a subsequent administrative hearing; and (3) a review of the administrative hearing by appeal to the municipal court.") As the Sixth District Court of Appeal explained, by enacting Section 40200, "the Legislature removed parking tickets from the jurisdiction of the criminal courts and *provided for administrative procedures instead.*" *Love v. City of Monterey*, 37 Cal. App 4th 562, 566 (1995) (emphasis added). Where, as here, "an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act." *Id.,* quoting *Plaza Hollister Ltd. Partnership v. County of San Benito*, 84 Cal. Rptr. 2d 715, 734 (1999).

On the face of the complaint, Plaintiff failed to contest his parking citation through completing the administrative process set forth in the California Vehicle Code. Though he indicates that he sought an administrative hearing, he did not continue to the third level of review by the state court. Instead, Plaintiff filed a tort claim with the County, which did not comply with the process. Consequently, the claim is barred for failure to exhaust his administrative remedies. *See Bhambra*, 2009 WL 10694600 at*4 (finding that where the plaintiffs were attempting "to invalidate [their] parking tickets" through a district court action and failed to contest the parking citations through the administrative process," the claims were barred for failure to exhaust their administrative remedies).

### 2. Plaintiff's tort claim

As noted above, Plaintiff filed a tort claim with the County on May 22, 2018, which was "deemed rejected on its merits" on May 30, 2018. (Doc. 1 at 13) He was informed: "Subject to certain exceptions, you have only six (6) months from the date this notice was deposited in the mail to file a court action on this claim. (See Gov. Code Section 945.6)." (*Id.*)

Under the Government Claims Act, claim alleging a cause of action for personal injury must be presented to the public entity no later than six months after the accrual of the cause of action. Cal. Gov. Code § 911.2(a). If the public entity provides written notice rejecting the claim, the claimant has six months thereafter to initiate a lawsuit. *Id.*, § 945.6(a)(1). "[T]he filing of a claim for damages claim for damages is more than a procedural requirement, it is a condition precedent to plaintiff's maintaining an action …, in short, an integral part of [a] plaintiff's cause of action." *Williams v. Horvath*, 16 Cal.3d 834, 842 (1976). If the public entity provides written notice rejecting the claim, the claimant has six months thereafter to initiate a lawsuit. Cal. Gov. Code § 945.6(a)(1).

Because Plaintiff commenced this action more than six months after the written rejection of his tort claim, any claims predicated upon the tort claim denial are barred. *See Darulis v. Garate*, 401 F.3d 1060, 1063 (9th Cir. 2005) (affirming dismissal for untimeliness under Cal. Gov. Code § 945.6); *State of California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1239 (2004).

### B. Sovereign Immunity

Plaintiff identified the state of California as a defendant in this action, presumably due to the suspension of his vehicle's registration by the DMV. (*See* Doc. 1 at 5)

Under the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." This limitation includes suits brought in federal court by a citizen against his own state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (internal quotations omitted).

Actions against a state include "not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). The California DMV is a state agency entitled to Eleventh Amendment immunity. Cal. Veh. Code § 1501; Cal. Gov. Code § 11000; *Labankoff v. Polly Klaas Found.*, 2007 WL 1345204, at *3 (N.D. Cal. May 8, 2007) (observing the DMV is an agency of the state of California and "is immune from suit in federal court" absent a waiver of immunity"). A state may waive Eleventh Amendment immunity by making an unequivocal statement that it has consented to do so. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305-06 (1990). Because there are no facts indicating the State of California or its agency, the DMV, has waived immunity for actions taken related to the renewal of registration, Plaintiff's claim against the state of California is barred.

## VI. Findings and Recommendations

Based upon the facts alleged, the Court lacks subject matter jurisdiction over this action and it does not appear the deficiencies can be cured by amendment and leave to amend would be futile. *See Lopez*, 203 F.3d at 1130; *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, the Court **RECOMMENDS**:

1. Plaintiff's motion to proceed *in forma pauperis* be **DENIED**;
2. Plaintiff's complaint be **DISMISSED** without prejudice; and
3. The Clerk of Court be **DIRECTED** to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen

7

days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **March 18, 2019**           **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE